MARLOW v. MARLOW.

1. **Administrator: ORDER TO PAY CLAIM.** An order by the court to an administrator to pay a claim duly sworn to and filed is sufficient to indicate that the claim is approved by the court, even when it has not been formally proved up.

*Appeal from Winneshiek Circuit Court.*

TUESDAY, JUNE 11.

THE appellant, E. G. Marlow, is the son of John Marlow, deceased, and heir to his estate. William Marlow is the administrator, and has filed his final report. The appellant contests two items in the report. These items, one for six hundred and seventy-five dollars and one for seven hundred and eighty-five dollars, are entered in the report as credits to the administrator for money paid by him on the indebtedness of the estate to one James Marlow. The indebtedness arose, as the administrator claims, by reason of James Marlow paying a note made by him and the decedent jointly, but upon which note James Marlow was merely surety. The appellant claims that there is no sufficient evidence that James Marlow was merely surety, and no sufficient evidence of the payment, and that if he paid it there is no sufficient evidence that his claim was proved up against the estate, or admitted. He also contends that the claim was barred, or, at most, belonged to the fourth class. All these objections were overruled, and the report approved. The contestant appeals.

*L. Bullis*, for appellant.

*C. P. Brown*, for appellee.

ADAMS, J.—The evidence that James Marlow was merely surety may be found in the testimony of William Marlow. He says that the note was given in part payment for the homestead of intestate. Being given for the intestate's benefit, the fair inference is that the intestate was principal and James Marlow was surety.

The evidence of payment may be found in the testimony of James Marlow. He says: "I paid the face of the note at bank." This was not a transaction between him and decedent.

The claim was not proved up, but it was duly sworn to and filed April 11, 1867. As to whether it was admitted with the approbation of the court is a question upon which there is some doubt. At the time the claim was sworn to and filed the administrator had in his hands six hundred and seventy-five dollars belonging to the estate, and he says that he informed the county judge that he had that amount that he could pay on the claim, and that the judge told him to apply it and stop interest, and he did apply it. The judge was examined as a witness and contradicts the statement. If William Marlow's statement is correct, we think that the claim was admitted by the administrator with the approbation of the court. The court below must have found the fact to be as stated by William Marlow, and we could not properly disturb the finding.

1. ADMINIS-
TRATOR:
order to pay
claim.

Notice was first published September 27, 1866. The claim was filed and admitted April 11, 1867, a little more than six months after first publication. The contestant claims that the six months within which claims of the third class can be filed commences to run from the first publication. But whether the claim belongs to the third or fourth class is not a question which concerns the heirs, and it is only as heir that the contestant is interested in the estate.

AFFIRMED.